336 A.2d 273
**COMMONWEALTH of Pennsylvania**
v.
**Ronald Homer WOODS, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 4, 1974.

Decided April 22, 1975.

256

John F. Wagner, Jr., Uniontown, for appellant.

Lawrence D. McDaniel, Conrad B. Capuzzi, Dist. Atty., William M. Radcliffe, Asst. Dist. Atty., Uniontown, for Commonwealth.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Following a jury trial, appellant was convicted of voluntary manslaughter for the slaying of his wife. A sentence of from four years to twelve years was subsequently imposed. Appellant now appeals that judgment of sentence.

The sole issue raised concerns the applicability to the facts of this case of our rule of criminal procedure

governing the time within which a defendant must be tried or retried, Pa.R.Cr.P. 1100. Specifically, appellant contends that paragraph (e)[1] of that rule was not complied with, and that in consequence his judgment of sentence should be reversed and he should be discharged. For the reasons hereinafter stated, we agree.

Appellant was originally convicted of murder in the second degree for the killing of his wife. On appeal from the judgment of sentence following that conviction, this Court on November 26, 1973, ordered the judgment reversed and granted appellant a new trial. *Commonwealth v. Woods*, 454 Pa. 250, 311 A.2d 582 (1973). On February 26, 1974, 92 days after our decision, appellant petitioned the court of common pleas to dismiss the charges against him, because of non-compliance with Rule 1100(e).[2] On the same day the Commonwealth filed a petition for extension of time pursuant to Rule 1100(c)[3], nunc pro tunc. Two days later, the trial court rejected appellant's petition to dismiss and granted the petition of the Commonwealth. Appellant was then subsequently retried on April 19, 1974, with the result indicated above.

It is apparent that neither the Commonwealth's petition for an extension of time nor the actual commencement of trial was within the time limits prescribed by

1. Pa.R.Cr.P. 1100(e), 19 P.S. Appendix (Supp.1974–75) provides: "A new trial shall commence within a period of ninety (90) days after the entry of an order by the trial court or an appellate court granting a new trial."

2. Rule 1100(f) provides in pertinent part: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated."

3. Rule 1100(c) provides in pertinent part: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

Rule 1100. In our view, this is dispositive. The time limits set forth in the rule are definite; there is no provision for the granting of any extension applications nunc pro tunc.

The Commonwealth argues, however, that Rule 1100 is inapplicable to this case because the original criminal complaint against the appellant was filed prior to June 30, 1973. This argument is based upon paragraphs (a)(1) and (a)(2) of the Rule and an accompanying explanatory note. That note reads: "Adopted June 8, 1973, effective prospectively as set forth in paragraphs (a)(1) and (a)(2) of this rule."[4] The note, however, serves merely to call attention to the differing prospective applications of the rule insofar as *original* trials are concerned, as set forth in paragraphs (a)(1) and (a)(2). Paragraph (e), on the other hand, deals only with *new* trials, and contains no reference to the date of the filing of the complaint. While that date marks the commencement of the limitation period in cases newly brought, it has no pertinency in cases where new trials are ordered; the only meaningful date in such cases is the date the new trial is ordered. Because it is the entry of an order granting a new trial which starts the 90 day time limit in paragraph (e) running, that paragraph is applicable to any court case in which such an order is entered after June 8, 1973, the date of adoption of Rule 1100. Not only is this holding required by the language of the Rule and accompanying note, but it is also consonant with the desire of this Court to expedite the trial and retrial of criminal cases as expressed in our

---

4. Paragraphs (a)(1) and (a)(2) provide as follows:

"(a)(1) Trial in a court case in which a written complaint is filed against a defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

"(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

recent decisions. See *Commonwealth v. Lee*, 460 Pa. 374, 333 A.2d 773 (Filed March 12, 1975) ; *Commonwealth v. Roundtree*, 458 Pa. 351, 326 A.2d 285 (1974) ; *Commonwealth v. Pearson*, 450 Pa. 467, 303 A.2d 481 (1973) ; *Commonwealth v. Jones*, 450 Pa. 442, 299 A.2d 288 (1973); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972).

Judgment of sentence is reversed and appellant is ordered discharged.

JONES, C. J., did not participate in the consideration or decision of this case.