Commonwealth *v.* Walk, Appellant.

Argued November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Donald E. Speice,* Assistant Public Defender, for appellant.

*Edward S. Newlin,* Assistant District Attorney, with him *Amos C. Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 29, 1976:

Appellant contends that her petition for dismissal pursuant to Rule 1100(f) of the Pennsylvania Rules of Criminal Procedure was improperly denied by the lower court.

A criminal complaint charging the appellant with violating §481A of the Public Welfare Code was filed on July 11, 1974; and the appellant was arrested on July 13, 1974. Her preliminary hearing was scheduled for July 19, 1974, but was rescheduled because the complainant was ill. On September 14, 1974, the appellant waived her preliminary hearing and consented to be bound over for trial.

On January 6, 1975, the Commonwealth filed a petition to extend the time in which to bring the matter to trial pursuant to Rule 1100(c), Pa.R.Crim.P. On January 16, 1975, the hearing on the petition to extend was held, and the Commonwealth was granted an extension until March 17, 1975. On March 19, 1975, the appellant filed a petition to dismiss the prosecution. See Rule 1100(f), Pa.R.Crim.P. At the hearing on March 20, 1975, the lower court extended the time within which to bring the case to trial to March 20, 1975, *nunc pro tunc.* Appellant's case was called for trial later that day, but she failed to appear. The appellant was subsequently rearrested on May 1, 1975. On June 19, 1975, the appellant filed a second petition to dismiss pursuant to Rule 1100(f), Pa.R.Crim.P. After a hearing on June 21, 1975, her petition was denied. Appellant's trial followed immediately thereafter, and the lower court, sitting without a jury, found her guilty. She was sentenced to pay the costs of prosecution and make restitution; this appeal followed.

Rule 1100, Pa.R.Crim.P., provides, in part, as follows:

"(a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed....

"(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial... Any order granting such application shall specify the date or period within which trial shall be commenced....

"(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated ...."

In *Commonwealth v. Woods*, 461 Pa. 255, 336 A. 2d 273 (1975), the Commonwealth filed a petition for extension of time pursuant to Rule 1100(c), Pa.R.Crim.P., two days after the applicable period under Rule 1100 had run. The lower court therein denied the appellant's petition to dismiss; our Supreme Court reversed: "It is apparent that neither the Commonwealth's petition for an extension of time nor the actual commencement of trial was within the time limits prescribed by Rule 1100. In our view, this is dispositive. The time limits set forth in the rule are definite; there is no provision for the granting of any extension applications nunc pro tunc." *Commonwealth v. Woods*, supra at 257-258, 336 A. 2d at 274. We believe the instant case is controlled by *Commonwealth v. Woods*, supra. The lower court's January 16, 1975 order extending time specified March 17, 1975, as the "date or period within which trial shall be commenced." Appellant's case was not called for trial until March 20, 1975. Furthermore, the lower court extended the time within which to bring appellant to trial after the applicable period under Rule 1100(c) had expired. The lower court, therefore, improperly denied appellant's petition to dismiss.

We reverse and order the appellant discharged.