361 A.2d 760

**COMMONWEALTH of Pennsylvania**

v.

**Edward W. REDDINGTON, Appellant.**

Superior Court of Pennsylvania.

June 28, 1976.

Donald J. Martin, Norristown, for appellant.

Milton O. Moss, Dist. Atty., William T. Nicholas, 1st Asst. Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before WATKINS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

On May 5, 1975, a criminal complaint was filed against the appellant, charging him with operating a motor vehicle while under the influence of liquor.[1] On August 14, 1975, the appellant was indicted by the Grand Jury of Montgomery County. Although the case was never listed for trial, the Commonwealth filed a petition for an extension of time in which to commence trial pursuant to Pa.R.Crim.P. 1100(c),[2] and obtained an order of the lower court which set a hearing date on the petition for October 31, 1975, the 179th day after the filing of the Criminal Complaint. On October 31, 1975, the court below entered an order granting the Commonwealth's petition and extended the time for commencing trial to January 31, 1976. Subsequently, this order was modified by the court below to certify that the order involved a controlling question of law upon which there is a substantial ground for difference of opinion. Pursuant to our discretionary power, we will consider this interlocutory appeal on the merits.[3]

The appellant contends that the lower court erred by granting the Commonwealth an extension of time for commencement of trial. The Commonwealth predicated its petition for a time extension upon a claim that trial could not be commenced within 180 days from the date

1. The Act of April 29, 1959, P.L. 58, § 1037 (75 P.S. § 1037).

2. Pa.R.Crim.P. 1100(c) provides in pertinent part:
   "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. Such application shall be granted only if trial cannot be commenced with the prescribed period despite due diligence by the Commonwealth."

3. The Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, No. 223, Art. V, § 501 (17 P.S. § 211.501).

the criminal complaint was filed against the appellant, as required by Pa.R.Crim.P. 1100(a)(2),[4] because of an overloaded court docket. The Commonwealth therefore contends that it exercised the requisite due diligence in bringing the appellant to trial and that the Commonwealth should not be held responsible for any period of delay occasioned solely by the judiciary. This contention is without merit.

In *Commonwealth v. Shelton*, —— Pa.Super. ——, —— A.2d —— (filed March 29, 1976), we conducted an extensive review of the underlying purpose of Rule 1100, holding, *inter alia*, that "Rule 1100 . . . precludes an *extension* of the prescribed time period predicated upon judicial delay." *Id.* at ——, —— A.2d at ——. We find that the principles and holding enunciated in *Shelton* are equally applicable to the instant case. Therefore, because the appellant's trial did not begin within the time period prescribed by Rule 1100(a)(2), we reverse the order of the lower court and discharge the appellant.

CERCONE, J., concurs in this result.

WATKINS, President Judge, and VAN der VOORT, J., dissent.

JACOBS, J., did not participate.

4.  Pa.R.Crim.P. 1100(a)(2) provides that: "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."