364 A.2d 330
**COMMONWEALTH of Pennsylvania**
v.
**Walter BROWN, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

398

John W. Packel, Asst. Public Defender, Chief, Appeals Div., Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This appeal presents another serious question involving Pa.R.Crim.P. 1100. Only those facts necessary for the resolution of the Rule 1100 issue will be hereafter recited. The criminal complaint in this case was filed against appellant on November 26, 1974. According to Pa.R.Crim.P. 1100, this necessitated bringing appellant to trial within 180 days, or before May 25, 1975. Trial was not commenced until June 30, 1975. No extensions were ever applied for by the Commonwealth. *See* Pa.R.Crim.P. 1100(c). Prior to trial, appellant applied to the lower court for an order dismissing the charges against him because of the violation of Rule 1100. The application was denied.

The lower court ruled that a delay from February 6 to March 17, 1975 was caused when appellant for the first time on February 6 asked for a jury trial. The lower court treated this period as if it was a continuance granted to the appellant and excluded only those days, which totalled nine, beyond the thirtieth day of the continuance. *See* Pa.R.Crim.P. 1100(d)(2). The lower court also found that a 31-day delay between April 8 to May 8, 1975 was to be excluded because of the unavailability of counsel for appellant's co-defendant. *See* Pa.R. Crim.P. 1100(d)(1). When the 9 and 31 day periods are excluded from the time between November 26, 1974 and June 30, 1975, it becomes evident that trial would have been commenced within the 180-day period had it not been for the delays allegedly occasioned by appellant. Accordingly, the lower court found no violation of Rule 1100.

Although the court below also indicated that it felt that other delays caused by the unavailability of a

courtroom should similarly have been excluded, the cases are clear that delays due to lack of a courtroom are not to be excluded. *See Commonwealth v. Shelton,* 239 Pa. Super. 195, 361 A.2d 873, *allocatur granted,* 242 Pa.Super. 619 (1976); *Commonwealth v. Mayfield,* 239 Pa.Super. 279, 362 A.2d 994, *allocatur granted,* —— Pa.Super. —— (1976). However, there is a division in our Court as to whether the unavailability of a courtroom is cause for an extension by the Commonwealth under Pa.R.Crim.P. 1100 (c). The majority of this court holding that an extension is not justified under such circumstances. *Id.* Nevertheless, the Commonwealth did not request an extension in this case.

First, we will consider whether the 31-day delay caused by the unavailability of a co-defendant's counsel was attributable to appellant under Pa.R.Crim.P. 1100(d)(1). If appellant cannot be charged with the 31-day delay, it will be unnecessary to consider the propriety of excluding the 9-day delay because of appellant's request for a jury trial. The 9-day exclusion alone will not bring the trial date within the 180-day period unless the 31-day period is also excluded.

Rule 1100(d)(1) specifically states: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from the unavailability of the *defendant* or *his attorney.*" (Emphasis added.) Construing this section "to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay", Pa.R.Crim.P. 2, we find that Rule 1100(d)(1) does not provide for the exclusion of a period of delay caused by the unavailability of a *co-defendant or his counsel.* Such an exclusion is clearly unwarranted by the wording of the section. It has been held that "it is unimportant whether delay is occasioned by the prosecutor's office or by the court; so long as the delay . . . is not occasioned by the defendant . . ." *Commonwealth v. Silver,* 238 Pa.Super. 221, 231, 357 A.

2d 612, 617 (1976), *quoting Commonwealth v. Wilson,* 231 Pa.Super. 451, 454, 331 A.2d 792, 794 (1974). Similarly, a delay caused by a co-defendant and not agreed to by a defendant cannot be charged to the defendant. *Cf. Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975). In *Hickson,* defense counsel agreed to schedule the trial for a date beyond the time limits of Pa.R. Crim.P. 1100. Accordingly, we held that defendant could not then on appeal complain of the violation of Pa.R. Crim.P. 1100. However, in the present case, there is nothing in the record to show that appellant agreed or gave the appearance of approval to the delay caused by his co-defendant. *See Commonwealth v. Myrick,* —— Pa. ——, 360 A.2d 598 (filed July 6, 1976).

█ The lower court reasoned that the delay caused by the co-defendant was neither chargeable to the Commonwealth nor the court system, and, therefore, was a proper exclusion. We sympathize with the lower court and the Commonwealth. Nevertheless, we are bound to follow the rules of Criminal Procedure. Under these rules, appellant was entitled to be tried within 180 days unless he or his attorney caused or approved the resulting delay. It is also possible to argue that appellant could have requested a severance in order to avoid the delays of his co-defendant. *See* Pa.R.Crim.P. 219. This remedy, however, was also available to the lower court as well as the Commonwealth. *Id.* We choose not to place the burden on a defendant to sever his trial so that his trial may be commenced within the time limits of Rule 1100. The burden to bring a defendant to trial within the proper time limit rests squarely with the Commonwealth. *Commonwealth v. Adams,* 237 Pa.Super. 452, 352 A.2d 97 (1975).

█ We are, however, of the opinion that this would have been a proper case for the Commonwealth to request an extension for the commencement of trial under Pa.R. Crim.P. 1100(c). The delay which prevented trial from

402

commencing within the 180 days was neither caused by the Commonwealth nor the court system. *See Commonwealth v. Shelton,* supra; *Commonwealth v. Mayfield,* supra. Under these circumstances the grant of a short extension would have avoided a violation of Pa.R.Crim.P. 1100.

Judgment reversed and appellant discharged.

HOFFMAN and PRICE, JJ., concur in the result.