372 A.2d 454

**COMMONWEALTH of Pennsylvania**

v.

**Dominic MANCUSO et al., Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1976.

Decided March 31, 1977.

See also 247 Pa.Super. 260, 372 A.2d 451, 247 Pa.Super. 273, 372 A.2d 458, 247 Pa.Super. 274, 372 A.2d 459 and 247 Pa.Super. 276, 372 A.2d 459.

R. W. Ziegler, Jr., Pittsburgh, for appellant at Nos. 624/628.

Mark F. Geary, Pittsburgh, for appellant at No. 639.

Joseph E. Ferens, Jr., Assistant District Attorney, Uniontown, with him Conrad B. Capuzzi, District Attorney, Uniontown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

**HOFFMAN, Judge:**

The lower court certified the instant case to this Court on a controlling issue of law: whether appellants are entitled to relief pursuant to Rule 1100(f), Pa.R.Crim.P., 19 P.S. Appendix.[1]   See Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, No. 223, art. V, § 501;  17 P.S. § 211.-

1. Rule 1100 provides as follows: "(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

"(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

"(b) For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial.

"(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.  A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon.  Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.  Any order granting such application shall specify the date or period within which trial shall be commenced.

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney;

"(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

"(e) A new trial shall commence within a period of one hundred and twenty (120) days after the entry of an order by the trial court or an appellate court granting a new trial.

"(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated.  A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.  Any order granting such application shall dismiss the charges with prejudice and discharge the defendant.

"(g) Nothing in this Rule shall be construed to modify any time limit contained in any statute of limitations.

Adopted June 8, 1973, effective prospectively as set forth in paragraphs (a)(1) and (a)(2) of this rule."

501(b).[2]  We agree that appellants are entitled to relief; we, therefore, order that the charges be dismissed with prejudice.  Rule 1100(f).

In 1975, the Fayette County District Attorney filed over 300 criminal complaints charging eleven defendants with burglary, arson, and conspiracy.  Several of the defendants were members of the Connellsville Police Department during the commission of the offenses.  Known popularly as the "Connellsville Police cases", the various proceedings engendered considerable publicity.  See *Commonwealth v. Mancuso,* 247 Pa.Super. 245, 372 A.2d 444 (filed March 31, 1977; J. 1682/83/76); *Commonwealth v. Borris,* 247 Pa.Super. 260, 372 A.2d 451 (filed March 31, 1977; J. 1684/76).  The facts relevant to appellants' Rule 1100 claim are as follows:  the district attorney filed the complaints involved herein between April 28, 1975, and July 22, 1975.  Thus, trial should have commenced before October 26, 1975, on the earliest

2.  We note first that the instant appeal is properly before us.  Section 501(b) of the Appellate Court Jurisdiction Act supra, provides that we may exercise jurisdiction over an interlocutory order if the lower court certifies that the order involves a controlling question of law "to which there is substantial ground for difference of opinion", and the immediate appeal of the order will "materially advance the ultimate termination of the matter," and the appeal if from a final order would properly be in this Court.  Compare *McConnell v. Schmidt,* 234 Pa.Super. 400, 339 A.2d 578 (1975), vac'd and quashed as interlocutory, 463 Pa. 117, 344 A.2d 277 (1975); *Commonwealth v. Rucco,* 229 Pa.Super. 247, 324 A.2d 388 (1974); and *Norman v. Norfolk and Western Ry. Co.,* 228 Pa.Super. 319, 323 A.2d 850 (1973) (issue certified; appeal allowed.)  Rule 1100 has spawned copious and complex litigation leading to substantial differences of opinion.  Compare *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), and *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976).  See also, *Commonwealth v. Coleman,* 241 Pa.Super. 450, 361 A.2d 870 (1976); *Commonwealth v. Smith,* 240 Pa.Super. 212, 361 A.2d 862 (1976); *Commonwealth v. Reddington,* 241 Pa.Super. 393, 361 A.2d 760 (1976).  There is no question that our ruling on the legal issues involved will materially advance the termination of the matter.  Finally, the record on the relevant factual issues is complete.

Appellants also contend that the lower court erred in denying their motion for a change of venue.  Because of our disposition of their Rule 1100 claim, we do not need to reach that issue.  But see, *Commonwealth v. Mancuso,* 247 Pa.Super. 245; 372 A.2d 444 (filed March 31, 1977, J. 1682/83/76).

complaint, and before January 18, 1976, on the last complaint. He submitted the charges to the August Grand Jury which handed down 96 indictments against the six appellants involved in the instant case. When the district attorney became aware that most of the Connellsville Police cases could not be reached within the 180 day period, he petitioned the court on October 14, 1975, for an extension in which to try the cases. See Rule 1100(c). The court heard the motion on October 27, 1975, and on November 25, granted an extension until the December Term, which was the next available trial term. The December Term consisted of the weeks commencing on December 1, and December 8, 1975, and January 12, and January 19, 1976. The Commonwealth was able to try some of the cases during that term. See *Commonwealth v. Mancuso,* supra; *Commonwealth v. Borris,* supra. However, most of the charges were still untried at the end of the December Term. On December 26, 1975, appellants moved to quash the indictments for violation of Rule 1100. Because the district attorney could not reach the remaining cases during the December Term, he filed a second petition for an extension pursuant to Rule 1100(c) on February 9, 1976. The court held a hearing on that petition on February 17. On February 23, prior to the court's decision, the appellants requested that the court certify the question to this Court. The Commonwealth joined in that request. The court heard the matter on February 27, and on March 3, before it denied the motion to quash, and certified the case to this Court on March 4, 1976.

■ Rule 1100(c) provides:

"(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application

shall specify the date or period within which trial shall be commenced."

One principle consistently followed by our courts is that the Commonwealth must file a petition for an extension in a timely fashion: "The time limits set forth in the rule are definite; there is no provision for the granting of any extension applications nunc pro tunc." *Commonwealth v. Woods,* 461 Pa. 255, 258, 336 A.2d 273, 274 (1975); see also, *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Harris,* 243 Pa.Super. 503, 366 A.2d 267 (filed, 1976, J. 1318/76); *Commonwealth v. Cutillo,* 235 Pa. Super. 131, 339 A.2d 123 (1975).

Initially, the Commonwealth did comply with Rule 1100(c) when it filed a petition on October 14, 1975. Also in compliance with Rule 1100(c), the lower court extended the trial date to the December Term.[3] However, "[t]he extension does not toll the [relevant] limitation nor does it renew its commencement at some later date; rather, the order granting the extension must state a specific date or period within which trial must be commenced, as the order in this case did. The period or date specified in the order then becomes the time limitation within which trial must commence. Any further extension necessary must be sought pursuant to Section (c) prior to the expiration of the period for commencement of trial, that is, prior to the expiration of the period provided for in the extension, or excluded from the computation of elapsed time pursuant to Section (d)." *Commonwealth v. O'Shea,* supra at 350 A.2d at 875 (footnote omitted). That is, it was incumbent upon the Commonwealth to file its second petition for an extension within the period granted by the court at the time of its original petition. The final week of the December Term commenced on January 19, 1976. The Commonwealth did not file its

---

**3.** It is important to note that the lower court did not specify a date for trial, but designated the term of court in which the cases had to be tried. Such procedure is in compliance with the rule. See Rule 1100(c); *Commonwealth v. O'Shea,* supra.

petition until February 9, fourteen days after the extended period ended.[4]

The Commonwealth argues, however, that it was substantially hampered in bringing appellants to trial because of several motions for change of venue filed by the appellants:

"These cases were not disposed of during the trial weeks in January of 1976. These appellants had joined in the request for a change of venue for the 'Connellsville Police Cases' on August 29, 1975, which request, after hearing, was denied. Another hearing on the change of venue question was held on December 5, 1975, and again the requested change was denied. On December 26, 1975, the appellants filed a renewal motion for change of venue and the hearing on said motion was set for January 22, 1976. Upon the request of all the defendants in the Connellsville cases, this hearing was continued until January 29, 1976, thus rendering it impossible for the Commonwealth to present any of these cases during January, 1976, for trial."

The foregoing is certainly relevant to a court's inquiry into a question of whether the Commonwealth has exercised due diligence. Cf. *Commonwealth v. Brown,* 242 Pa.Super. 397, 364 A.2d 330 (filed September 27, 1976). However, we have held that delay caused by pretrial litigation may not be excluded under Rule 1100(d): "The Commonwealth contends, however, that the contested seventy-nine day period

---

**4.** The Commonwealth does not contend that the extended period was itself extended by operation of Rule 1100(d) so that it did not have to comply with Rule 1100(c). See *Commonwealth v. Mancuso,* supra; *Commonwealth v. Brown,* 242 Pa.Super. 397, 364 A.2d 330 (filed September 27, 1976). During the first hearing in October, the Commonwealth advanced as part of its proof certain periods when appellants and counsel were unavailable because on trial on other charges against the appellants. See Comment, Rule 1100. The court considered such delay in holding that the Commonwealth had exercised due diligence and in extending the period until the December Term. Thus the Commonwealth could not now argue that the December Term was extended by that same period of delay. During the December Term, counsel and appellants were again unavailable because on trial on other charges. However, trial consumed only ten days, not sufficient time to make the petition on February 9, timely. See *Commonwealth v. O'Shea,* supra 465 Pa. at 498, n. 9, 350 A.2d at 875, n. 9.

should be charged against the appellant 'because delay was caused by the [appellant's] request for discovery involving conflicting court orders. . . .' There are two pitfalls in the Commonwealth's reasoning: (1) Rule 1100 does not exempt pretrial motions (other than a motion for a continuance) from the relevant time period. Thus, a request for discovery does not toll the allotted time period under the rule; (2) the appellant's co-defendants made a reasonable request for discovery. The resulting confusion was brought about by the court. The rule does not charge a defendant with the obligation to advance his own trial date." *Commonwealth v. Millhouse,* 239 Pa.Super. 445, 362 A.2d 398, 401 (1976), reversed on other grounds, 470 Pa. 512, 368 A.2d 1273 (filed January 28, 1977).

As noted in *Millhouse,* pretrial motions may be properly raised in a timely Rule 1100(c) petition; they do not extend the period and, thereby, make the petition timely.

Because the petition was not timely filed, the Commonwealth violated Rule 1100, which entitled appellants to have the charges dismissed with prejudice. It is so ordered.

VAN der VOORT, J., dissents.