375 A.2d 107

**COMMONWEALTH of Pennsylvania**

v.

**Nathaniel JENKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided June 29, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

302

HOFFMAN, Judge:

The sole issue raised by the instant appeal is whether the Commonwealth violated Rule 1100 when it failed to bring appellant to trial until 321 days after the criminal complaint was issued.  See Rule 1100(a)(2), Pa.R.Crim.P., 19 P.S. Appendix.  We believe that the period for commencement of trial was properly extended and, therefore, we affirm the judgment of sentence.

On January 28, 1975, the Commonwealth filed a complaint charging appellant with burglary,[1] robbery,[2] rape,[3] and related offenses arising out of a January 27, 1975 episode during which appellant and three companions terrorized several people in a home in the Germantown section of Philadelphia. The March, 1975 Grand Jury indicted appellant on a total of 15 counts.  During the next several months, the Commonwealth experienced serious scheduling difficulties; as a result, the District Attorney filed three petitions pursuant to Rule 1100(c) for extensions of time for commencement of trial.  The lower court granted each petition.  Trial finally began on December 16, 1975.  On December 30, a jury found appellant guilty of indecent assault,[4] conspiracy,[5] and four counts of robbery.  On March 24, 1976, after the lower court denied appellant's post-verdict motions, it sentenced him to concurrent terms of imprisonment of 4 to 15 years on each of the four robbery bills and suspended sentence on the other bills.  On August 10, 1976, the lower court granted a reduction of appellant's sentences to 3 to 15 years' imprisonment.  This appeal followed.

The sole contention is that the Commonwealth did not exercise due diligence in bringing appellant to trial within

1.  The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3502.

2.  The Crimes Code, supra;  18 Pa.C.S. § 3701.

3.  The Crimes Code, supra;  18 Pa.C.S. § 3121.

4.  The Crimes Code, supra;  18 Pa.C.S. § 3126.

5.  The Crimes Code, supra;  18 Pa.C.S. § 903.

180 days after the issuance of the criminal complaint. See Rule 1100(a)(2). The Commonwealth contends that it complied with the rule when it filed each of its three petitions to extend the period pursuant to Rule 1100(c).

On March 31, 1975, the case was listed for trial on May 19, 1975; on May 19, the lower court continued the case until June 11, because there were no available courtrooms; on June 11, the court continued the case until July 15, for the same reason. At that time, the court listed the case for a "status" call. The Commonwealth filed its first petition for extension on July 24, 1975, 177 days after the filing of the complaint. At the Rule 1100(c) hearing, the Commonwealth advanced the following explanation for its need for an extension: "There are fourteen [Commonwealth witnesses] involved in the case, Your Honor. Five civilian witnesses and nine police officers, all with various vacations. This is a very serious case, very complicated case." The court granted an extension until September 18.

On September 15, the Commonwealth, appellant, and his co-defendants announced that they were ready. However, on the next day, while the case was in "back-up" status to be tried, counsel for one of the co-defendants became unavailable when one of his clients went on trial in New York City. Therefore, the Commonwealth filed a second Rule 1100(c) petition. At the hearing, the court extended the deadline until October 28, because both attorneys for appellant's co-defendants would be involved in trials elsewhere. Appellant requested that the cases be severed. The colloquy between defense counsel and the court indicates that defense counsel had rejected that alternative two days previously when the Commonwealth had suggested it as a remedy to the scheduling difficulties.

The Commonwealth was again unable to proceed to trial within the extended deadline. Therefore, on October 27, 1975, the Commonwealth filed a third Rule 1100(c) petition. At the hearing, the Commonwealth advanced the unavailability of appellant's co-defendant's attorney as a basis for an

extension. The court granted a 60 day extension. The case was tried within that period.

■ Rule 1100(c) provides: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced." There is no question that each petition was timely filed. See *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975); *Commonwealth v. Mancuso*, 247 Pa.Super. 266, 372 A.2d 454 (filed March 31, 1977).[6] Thus, we must determine whether the Commonwealth otherwise exercised due diligence.

■ It is now well-settled that courtroom unavailability does not preclude a finding of due diligence. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Mancuso, supra.*[7] However, "[t]he rule does not permit an attorney for the Commonwealth to arbitrarily delay trying a case beyond the prescribed period. Rather, the prosecutor must show 'due diligence' in bringing the case to trial and obtain a court extension, or the case is

**6.** Appellant does suggest in his brief that the fact that the Commonwealth did not file its third petition until one day before the period was to expire is indicative of a lack of due diligence. We cannot agree. The rule requires that the petition be timely; the Commonwealth complied with the rule; therefore, we will not hold that compliance with the rule amounted to a lack of due diligence.

**7.** Appellant relies on *Commonwealth v. Sprankle,* 241 Pa.Super. 298, 361 A.2d 385 (1976) for the proposition that ". . . congested dockets [are not] an acceptable basis for extension." We find that reliance unfounded after the Supreme Court's decisions in *Mayfield* and *Shelton.*

dismissed with prejudice. See Pa.R.Crim.P. 1100(f)." *Commonwealth v. Mayfield*, supra, 469 Pa. at 218, 364 A.2d at 1347. When the delay is caused by judicial inaction or scheduling difficulties, the reasons must appear on the record and the case must be listed as soon as possible consistent with the court's business. Id. Further, the Commonwealth bears the burden of proving its own diligence. Cf. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (filed April 28, 1977).

■ Viewing the facts in light of the foregoing principles, we find that the court properly extended the period for commencement of trial when the Commonwealth petitioned the court in July. The case was listed; the parties were prepared; thus, delay resulted from unavailable resources, rather than dilatory practices of the prosecutor or the court.

The second and third extensions were also properly granted. In each instance, the Commonwealth was stymied in its efforts to commence trial by appellant's co-defendants' counsel's unavailability. The rule was not intended to permit defense counsel's unavailability to prevent efficient management of the court calendar. The Commonwealth did not attempt to exclude those periods of time when a co-defendant's attorney was not available, pursuant to Rule 1100(d). Rather, it argued that it was diligent in preparing for trial, and that trial could not be commenced due to factors beyond its control. Under such circumstances, we believe that the Commonwealth is entitled to an extension. See *Commonwealth v. Brown*, 242 Pa.Super. 397, 364 A.2d 330 (1976) (dictum); *Commonwealth v. Hagans,* 242 Pa.Super. 393, 364 A.2d 328 (1976) (dictum).[8]

Judgment of Sentence is affirmed.

SPAETH, J., dissents for the reasons stated in *Commonwealth v. Lewis*, 247 Pa.Super. 46, 58, 371 A.2d 1318, 1324–26 (1977) (Dissenting Opinion by SPAETH, J.).

8. We note that in a less complex case which involves fewer witnesses, and in which the parties have not first objected to a severance, the proper solution to delay by a co-defendant may be separate trials. See *Commonwealth v. Hagans*, supra.