393 A.2d 990

COMMONWEALTH of Pennsylvania

v.

**Dominic MANCUSO, Joseph Mancuso, Jr., James Dill, Joseph Petzel, Jr., Raymond Martray and Richard Davis, Appellants.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Nov. 1, 1978.

See also 247 Pa.Super. 266, 372 A.2d 454.

R. W. Ziegler, Jr., Pittsburgh, for appellants at Nos. 624, 625, 626, 627, and 628.

Mark F. Geary, Pittsburgh, for appellant at No. 639.

Joseph E. Ferens, Jr., Assistant District Attorney, and Conrad B. Capuzzi, District Attorney, Uniontown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

On August 9, 1977, the Supreme Court remanded the instant case to this Court [1] to consider the following issues, properly preserved for our review: (1) whether the lower court erred in granting the Commonwealth's petition to extend the period in which to try appellants, Rule 1100(c), Pa.R.Crim.P., 19 P.S. Appendix, and (2) whether the lower court erred in denying appellants' motion for a change of venue.

In 1975, the Fayette County District Attorney filed over 300 criminal complaints charging eleven defendants with burglary, arson, and conspiracy. Several of the defendants were members of the Connellsville Police Department dur-

---

1. In *Commonwealth v. Mancuso,* 247 Pa.Super. 266, 372 A.2d 454 (1977), we held that the Commonwealth did not timely file its second petition for an extension of time under Rule 1100(c) and accordingly, ordered the charges against appellants dismissed with prejudice. In its order reversing this Court, the Supreme Court stated that it did not consider the alleged untimeliness of the Commonwealth's second petition for extension of time to be preserved for our review and remanded the case to this Court for consideration of those issues properly preserved for review. Accordingly, we consider the merits of the Commonwealth's petition for extension of time, as well as the issue of change of venue.

ing the commission of the offenses. Known popularly as the "Connellsville Police Cases," the various proceedings engendered considerable publicity. *See Commonwealth v. Richey,* 249 Pa.Super. 365, 378 A.2d 338 (1977); *Commonwealth v. Mancuso,* 247 Pa.Super. 245, 372 A.2d 444 (1977); *Commonwealth v. Borris,* 247 Pa.Super. 260, 372 A.2d 451 (1977); *Commonwealth v. Mancuso,* 247 Pa.Super. 266, 372 A.2d 454 (1977). The facts relevant to the instant case are set out in *Commonwealth v. Mancuso, supra,* 247 Pa.Super. 245, 372 A.2d 444 (1977) and *Commonwealth v. Mancuso, supra,* 247 Pa.Super. 266, 372 A.2d 454 (1977).

■ Our review of the Connellsville Police Cases and the record in the instant case reveals that we have disposed of appellants' contentions in prior cases with facts identical or very similar to the facts here. Specifically, we have already held that the lower court did not err in granting the Commonwealth's first petition for an extension of time under Rule 1100(c). *Commonwealth v. Mancuso, supra,* 247 Pa.Super. 245, 372 A.2d 444 (1977). Similarly, we unanimously found no error when the lower court granted the Commonwealth's second petition for an extension of time. *Commonwealth v. Borris,* No. 378, April Term, 1976 (Order entered February 15, 1978). Our review of the record in the instant case reveals no new or additional facts to warrant a different conclusion here on the issue of Commonwealth's due diligence under Rule 1100(c). Accordingly, we affirm the lower court's order granting the Commonwealth's Rule 1100(c) petitions.

■ Concerning the lower court's refusal to change venue due to pretrial publicity, we have already held that the lower court did not abuse its discretion in so refusing with respect to Joseph Mancuso, Dominic Mancuso, and Raymond Martray, three of the six appellants in the case at bar. *Commonwealth v. Richey, supra; Commonwealth v. Mancuso, supra,* 247 Pa.Super. 245, 372 A.2d 444 (1977). We note that the three other appellants had not yet been tried at the time the lower court certified the question of venue. Again, our review of the record reveals no new or additional facts to

20

warrant a different conclusion in this case than we have already made in prior cases. Accordingly, we affirm the lower court's denial of appellants' motion for a change of venue.

Orders affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.