482 A.2d 1329

**COMMONWEALTH of Pennsylvania**

v.

**Martin DIGGS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1984.

Filed Oct. 19, 1984.

Gilbert E. Toll, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, BECK, and JOHNSON, JJ.

BECK, Judge:

This matter is before this Court on appeal from the denial of relief under the Post Conviction Hearing Act (PCHA). In brief, the history of the case is as follows. In October 1975, while incarcerated in a Maryland prison, appellant Martin Diggs filed a request pursuant to Article III of the Interstate Agreement on Detainers, 42 Pa.C.S. § 9101 (hereinafter "Agreement"), for an "immediate and fair trial" on charges outstanding against appellant in Philadelphia. The charges arose out of the gunpoint robbery of a Philadelphia dairy in 1973.[1] Appellant was tried in May 1976 and convicted of six counts of aggravated robbery and one count of burglary. A prison sentence and concurrent probationary terms were imposed. This Court affirmed on direct appeal. *Commonwealth v. Diggs*, 260 Pa.Super. 349, 394 A.2d 586 (1978). Appellant filed his PCHA petition in 1979; he brings the instant appeal from the court's November 19, 1982 order denying relief.

Appellant's contention at this stage of the proceedings is that he was not timely tried pursuant to Article III(a) of the Agreement. He raises this issue in the context of a claim that post-trial and direct appeal counsel were ineffective for not pursuing the issue (it was last raised by trial counsel in

---

1. Appellant was originally arrested on these charges in 1973, but he fled before trial.

pretrial motions). We affirm the PCHA court's denial of relief.

It is settled law that counsel will not be found ineffective for failing to assert a baseless claim. *Commonwealth v. Blair*, 491 Pa. 499, 421 A.2d 656 (1980). Only if the underlying claim has arguable merit need we inquire further into the reasonableness of counsel's actions. *Commonwealth v. Tate*, 299 Pa.Super. 518, 445 A.2d 1250 (1982). We find that the claim that appellant was not timely tried is meritless.

Article III(a) of the Agreement provides that a prisoner "shall be brought to trial within 180 days" after he files an appropriate request for disposition of the charges which are the subject of an outstanding detainer. This 180-day limit contains an important qualification: "Provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." In the instant case, the request for trial was received on October 14, 1975, making the initial run date April 12, 1976. Trial commenced on May 6, 1976. Several continuances granted upon defense counsel's request account for the 25-day delay. Appellant contends that these continuances do not operate to extend the 180-day period because there was no showing of good cause in open court. We disagree.

We note at the outset that as a general matter, the grant or denial of a continuance is within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of that discretion. *Commonwealth v. Wolfe*, 301 Pa.Super. 187, 447 A.2d 305 (1982); *Commonwealth v. Mallon*, 279 Pa.Super. 350, 421 A.2d 234 (1980).

In the instant case, three continuances were granted. On March 30, 1976, the case was continued to April 5, 1976 on defense counsel's request for additional time to complete his investigation. This continuance took place in open court with the defendant present. The next day, March 31, 1976, appellant's counsel appeared before the calendar judge and

received a further continuance to May 3, 1976 "for defense preparation." There are no stenographic notes in the record of the March 31 proceedings and appellant apparently was not present.[2] However, the calendar judge held a further hearing on April 6, 1976, in the presence of both appellant and his counsel, at which the judge alluded to the March 31 proceedings and asked appellant if he had any objections to the continuance to May 3, 1976. Appellant did not object. The third and final continuance was a three-day extension granted on May 3, 1976 on the ground that appellant's counsel was unavailable until the later part of the week. Appellant does not question the propriety of this final continuance and we shall not discuss it further.

■ The first two continuances were properly granted. We have previously held that a request by defense counsel for a continuance to complete his preparation was a "reasonable" continuance granted "for good cause shown," and that such continuance tolled the running of the 180-day period under the Agreement. *Commonwealth v. Scott*, 219 Pa.Super. 470, 281 A.2d 754 (1971); *see also Commonwealth v. Blackburn*, 328 Pa.Super. 483, 477 A.2d 548 (1984) (applying *Scott* in a case arising under the 120-day time limitation contained in Article IV(c) of the Agreement); *Commonwealth v. Wilson*, 231 Pa.Super. 451, 331 A.2d 792 (1974) (defendant will not be dismissed under the 180-day rule of the Agreement if delay is attributable to him).

■ Appellant argues that his counsel's neglect in failing to be prepared within 180 days should not be attributed to him, and that he is therefore entitled to discharge. This argument overlooks the fact that under the Agreement, continuances may be granted "for good cause shown in open court, the prisoner *or* his counsel being present." 42 Pa.C.S. § 9101, Article III(a) (emphasis added). The disjunctive "or" clearly indicates that the defendant need not expressly join in his counsel's request for a continuance.

**2.** The record does not indicate whether appellant was present. Appellant states in his brief that he was not present and the Commonwealth's brief does not contest this.

Moreover, in the instant case the defendant appeared at two hearings on the continuances and voiced no objection at either proceeding. In fact, at the March 30 hearing the judge and the Commonwealth's attorney indicated by their questions and remarks that they were inclined against granting the continuance, whereupon appellant stated that he felt that it would be an "injustice" for him to proceed with unprepared counsel. The court then granted the continuance, saying "Mr. Diggs has a point." N.T. 3/30/76 at 10.

Finally, accepting appellant's position that continuances occasioned by a neglectful defense counsel's request for more preparation time are not "attributable" to the defendant for purposes of tolling the 180-day rule would impose a dilemma on the trial courts. If the court must discharge a defendant upon the expiration of 180 days, even though the case has not been tried solely due to defense counsel's unpreparedness, counsel could secure his client's discharge by mere laxity. On the other hand, forcing a defendant to proceed to trial with admittedly unprepared counsel runs the risk of depriving the defendant of a fair trial. We decline appellant's invitation to place the courts in such an untenable position.

Appellant also argues that the second continuance was improperly granted because he was not present and the proceeding was not "in open court." We agree with the Commonwealth (see Commonwealth's Brief at 6) that the mere fact that the court clerk's and stenographer's names were omitted from the record does not warrant the conclusion that the March 31, 1976 proceeding was not in open court. The record does indicate that the matter was heard in Courtroom 625, as were other matters coming before the calendar judge, which lends support to an inference that the hearing was held in open court in conventional fashion. We further note that the clerk's and stenographer's names are also missing from the record of the April 5, 1976 hearing, which was undeniably in open court. We are therefore reluctant to find this minor clerical omission dispositive.

Finally, the PCHA hearing judge found as a fact that the March 31 proceeding was in open court. Lower Court Opinion at 5. The findings of the PCHA hearing court should not be disturbed if they are supported by the record. *Commonwealth v. Stanton*, 294 Pa.Super. 516, 440 A.2d 585 (1982). We hold that the record supports a finding that the March 31 hearing took place in open court.

■ As noted above, the Agreement provides that the presence of either the defendant or his counsel is sufficient. Therefore, the fact that appellant was not present on March 30 does not render the continuance invalid. Finally, the court did hold a hearing on April 6, 1976, with appellant present, at which appellant did not object to the continuance his counsel had requested. This hearing is best described as a reconsideration of the March 31, 1976 continuance order. Contrary to appellant's suggestions, we find nothing improper in the court's April 6 action.[3]

■ Appellant contends that the Agreement, being remedial legislation, should be construed liberally in favor of the prisoner. *See, e.g., Commonwealth v. Wilson.* While we agree with this statement as a principle of law, we do not believe that the lower court's actions or our holding violate the principle. We cannot say that the court was not acting in appellant's best interests when it granted reasonable continuances to enable appellant and his counsel to prepare a defense. The continuances were brief; appellant's trial took place less than a month after the expiration of the 180-day period. The court complied fully with the terms of the Agreement and acted within its general discretion in handling requests for continuances. Consequently, post-trial and direct appeal counsel were not ineffective for failing to assert this meritless claim.

Order affirmed.

3. Appellant's reliance on *Commonwealth v. Gregg*, 470 Pa. 323, 368 A.2d 651 (1977), is misplaced. In *Gregg*, the Supreme Court simply held that the court's failure to schedule an initial trial date before the expiration of the Agreement's time limit, however motivated, would not be deemed a defense-requested "continuance," extending the time limit, where there was no actual request by either side for a continuance. In the instant case, a trial date had been set within 180 days and defense counsel had clearly requested continuances.