**COMMONWEALTH of Pennsylvania**

v.

**Michael LLOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1984.

Filed March 29, 1985.

108

William H. Mitman, Jr., West Chester, for appellant.

Eric G. Marttila, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before CIRILLO, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

Appellant, Michael Lloyd, brings this appeal from judgment of sentence of ten to twenty years imprisonment for his conviction on charges of robbery and related offenses. Appellant's post-trial motions had been dismissed by the lower court because appellant was a fugitive, and sentence was imposed without a ruling on appellant's application to reinstate. On appeal to our Court, we granted the application to reinstate post-verdict motions, vacated judgment of sentence and remanded with instructions to the lower court to hear argument on post-trial motions and to hold a hearing on a motion for new trial based on after-discovered evidence. *Commonwealth v. Lloyd,* 319 Pa.Super. 6, 465 A.2d 1025 (1983). On remand, the lower court, after a hearing, denied appellant's motions and imposed sentence. This appeal followed.

The issue on appeal is whether the criminal charges against appellant, who was in temporary custody of Pennsylvania authorities pursuant to the procedures prescribed by Article IV of the Interstate Agreement on Detainers Act,[1] must be dismissed because he was released to federal authorities without first being tried on the charges.[2] We

---

1. Act of July 9, 1976, P.L. 586 No. 142 § 2, effective June 27, 1978, 42 Pa.C.S.A. § 9101 et seq.

2. Appellant also contends that the charges against him must be dismissed pursuant to Rule 1100, that the trial judge erred in refusing to recuse himself, that the trial court erred in admitting evidence of other criminal conduct committed by appellant, that the trial court erred by allowing the introduction of hearsay evidence, that the trial court erred in refusing to grant him a new trial based upon after-discovered evidence and that the sentence imposed violated double jeopardy protections. We have examined the record, the arguments of the parties and the applicable law and conclude that these contentions are meritless.

hold that under the circumstances presented in this case, the Detainers Act does not require dismissal of the charges, even though appellant was released to federal authorities before ultimately being tried. Accordingly, we affirm.

A chronological statement of the facts is as follows. On March 21, 1980, a criminal complaint was filed against appellant charging him with robbery and related offenses in connection with a robbery of the Union National Bank and Trust Company in Milford Township, Bucks County, Pennsylvania. Appellant's known residence was in New Jersey, and he was arrested there by New Jersey police on or about March 26, 1980 and placed in Monmouth County jail. The Bucks County criminal complaint had been served upon appellant as a fugitive warrant. Appellant was taken before the local court and advised of his extradition rights. Appellant chose not to waive the right to contest extradition and he was returned to the Monmouth County jail. An application for requisition was completed by the Bucks County District Attorney's Office and necessary documents were sent to the State of New Jersey. On April 14, 1980, Monmouth County officials informed the Bucks County District Attorney's Office by letter that it had executed a fugitive warrant on behalf of Bucks County against the appellant and that the warrant would act as a detainer. It was also informed that appellant refused to waive extradition and to await further instructions as to when to retrieve appellant. Unbeknownst to the Bucks County District Attorney's Office, appellant posted bail on the fugitive complaint and was released from the Monmouth County jail. On or about April 22, 1980, appellant was arrested by federal authorities on charges that he had violated the terms of his federal parole. Appellant was subsequently sentenced by the United States District Court of New Jersey to five years imprisonment. Appellant was temporarily held at the Metropolitan Correction Center (MCC) in New York City in the custody of the Attorney General, Bureau of Prisons. On June 2, 1980, appellant was transferred to the Federal Correctional Institution (FCI) at Ash-

land, Kentucky to serve his sentence. On July 31, 1980, the Bucks County District Attorney's Office learned that appellant was incarcerated in the FCI at Ashland. At this time, its extradition efforts were abandoned in favor of other procedures pursuant to the Detainers Act. On September 2, 1980, a Form 5 under the Detainers Act was sent by Bucks County to officials at the FCI at Ashland requesting temporary custody of appellant. On September 10, 1980, a bench warrant was issued by the Bucks County court when appellant failed to appear for his scheduled trial on the pending charges. This warrant was sent to the FCI at Ashland. On September 17, 1980, officials at Ashland notified the Bucks County Sheriff's Office by a Detainer Action letter that the bench warrant had been received and lodged against appellant as a detainer. Subsequently, for reasons undisclosed by the record, Ashland officials informed the Bucks County District Attorney's Office that they had no detainer on file before having received the Form 5 from Bucks County. Under these circumstances, Ashland officials requested a second Form 5 be sent to serve as Bucks County's official request for temporary custody of appellant. The second Form 5 was sent on September 26, 1980.

Bucks County's actions were for naught as on October 15, 1980, the Bucks County District Attorney's Office was informed that Chester County had assumed temporary custody of appellant on October 10 pursuant to the Detainers Act in order to prosecute appellant on separate charges pending in that county. Appellant, now in Pennsylvania, was arraigned on the Bucks County charges on November 7. Trial was set for November 17 but was continued since appointed counsel for the appellant was involved in another trial. At the next trial listing of December 1, appellant requested a continuance because of his belief that appointed counsel was unprepared and to enable him to retain a private attorney. The case was continued to December 3, at which time appellant appeared without counsel. Appellant was unsuccessful in securing an attorney and as a consequence, the case was continued to January 19, 1981,

the next available trial date. New counsel was appointed to represent appellant. On December 23, 1980, while awaiting trial, appellant was taken from Chester County prison by New York federal authorities pursuant to a writ of habeas corpus ad testificandum. Appellant was returned to the Chester County prison by the federal authorities approximately one week later. Trial commenced on the Bucks County charges on January 20, 1981, and appellant was found guilty on January 23.

Appellant's sole contention is that the Bucks County charges against him must be dismissed pursuant to Article IV(e) of the Act because he was transferred on December 23, 1980 from Pennsylvania to federal authorities pursuant to the writ of habeas corpus ad testificandum before being tried and found guilty on January 23, 1981. We disagree.

■ "The policy of the Interstate Agreement on Detainers is 'to encourage the expeditious and orderly disposition' of charges and its purpose 'is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers.' *Commonwealth v. Fisher*, 451 Pa. 102, 106, 301 A.2d 605, 607 (1973)." *Commonwealth v. Wilson*, 231 Pa.Super. 451, 454, 331 A.2d 792, 794 (1974) (footnote omitted); *see also Commonwealth v. Merlo*, 242 Pa.Super. 517, 521, 364 A.2d 391, 394 (1976). Because the legislation is remedial in character, it is to be liberally construed in favor of the prisoner so as to effectuate its purpose. *Commonwealth v. Merlo, supra,* 242 Pa.Superior Ct. at 522, 364 A.2d at 394. To facilitate its purpose, the Act prescribes procedures by which a state, including the United States, may obtain temporary custody, for purposes of trial, of a prisoner incarcerated in another state. Article IV(e) of the Act provides:

(e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V.(e) hereof, such indictment, information or complaint shall not be of any further force or

effect, and the court shall enter an order dismissing the same with prejudice.

When prosecuting authorities in a jurisdiction in which charges are pending against a prisoner obtain temporary custody of him as the result of lodging a detainer and making a request therefor, Article IV(e) requires dismissal of the charges if the prisoner is returned to the original place of imprisonment without being tried. *See Commonwealth v. Merlo, supra,* 242 Pa.Superior Ct. at 525, 364 A.2d at 396; *see also Commonwealth v. Diggs,* 273 Pa.Super. 121, 123, 416 A.2d 1119, 1120 (1979), *appeal dismissed,* 498 Pa. 360, 446 A.2d 600 (1982).

In *Merlo,* a federal prisoner's presence in Pennsylvania for purposes of trial had been secured by a detainer lodged against him at the Federal Correctional Institution at Danbury, Connecticut pursuant to the Act. The prisoner was returned to Danbury without being tried on the charges underlying the detainer because of the imminent expiration of his federal sentence. Our Court held that the prisoner was entitled to dismissal of the charges against him since he was returned to his original place of imprisonment without being tried, even though he was subsequently tried on the Pennsylvania charges within the 120 day speedy trial limit following his release from federal custody.[3]

In *Diggs,* we held that pending charges against a prisoner in temporary custody of Pennsylvania would not be dismissed, even though the prisoner was returned to federal custody untried since Pennsylvania obtained the custody of the prisoner pursuant to a writ of habeas corpus ad prosequendum rather than by a detainer. In dicta, however, we stated that dismissal of the charges under the Act would have been required if appellant had been originally obtained from federal custody as a result of a detainer. *Commonwealth v. Diggs, supra,* 273 Pa.Superior Ct. at 123, 416 A.2d at 1120.

---

**3.** Article IV(c) provides that trial must be commenced within 120 days of the arrival of the prisoner in the receiving state. *See Commonwealth v. Gonce,* 320 Pa.Super. 19, 466 A.2d 1039 (1983).

■ Appellant urges that *Merlo* and *Diggs* require the dismissal of the charges filed against him. We do not find *Merlo* controlling or the dicta in *Diggs* persuasive. Unlike *Merlo* where Pennsylvania authorities voluntarily returned the prisoner to federal custody untried, Chester County officials relinquished temporary custody of appellant because of the federal issuance of the writ of habeas corpus ad testificandum. The writ of habeas corpus ad testificandum under 28 U.S.C.A. § 2241(c)(5), like a writ of habeas corpus ad prosequendum, commands the presentation of a prisoner as a witness in a federal court. It appears certain that state officials are powerless to refuse to comply with the writ. *See United States v. Mauro*, 436 U.S. 340, 357–58, 363, 98 S.Ct. 1834, 1846, 1848–49, 56 L.Ed.2d 329, 345, 348–49; *United States v. Mauro, supra* at 369, 98 S.Ct. at 1850–51, 56 L.Ed.2d at 352 (1978) (Rehnquist, J. dissenting); *United States v. Kenaan*, 557 F.2d 912, 916 (1st Cir.1977) cert. denied 436 U.S. 943, 98 S.Ct. 2844, 56 L.Ed.2d 784; *Stone v. Morris*, 546 F.2d 730, 737 (7th Cir.1976); *Gray v. Benson*, 443 F.Supp. 1284, 1288 (D.C. Kan.1978). Hence, Chester County officials had little choice but to relinquish their temporary custody of appellant. Accordingly, appellant was not "returned" to federal authorities within the meaning of the Article VI(e).

Furthermore, appellant was tried before being returned to his original place of imprisonment, the FCI at Ashland, Kentucky, where he was serving his federal sentence. *See United States v. Bryant*, 612 F.2d 806 (4th Cir.1979), *cert. denied*, 446 U.S. 920, 100 S.Ct. 1855, 64 L.Ed.2d 274; *Reaves v. State*, 242 Ga. 542, 250 S.E.2d 376 (1978) *reversed on other grounds*, 252 Ga. 351, 314 S.E.2d 621 (1984); *but compare Hughes v. District Court In and For City, Etc.*, 197 Colo. 396, 593 P.2d 702 (1979). In *Merlo*, the prisoner was originally incarcerated at the FCI at Danbury, Connecticut and returned there untried.

We also think that appellant should not benefit by the trial court's fairness in recognizing his dissatisfaction with first appointed trial counsel, honoring appellant's request to

secure private counsel, and ultimately granting appellant a continuance to the next available trial date, January 19, 1981, so that newly appointed counsel could prepare for trial. On the scheduled trial dates, the Bucks County District Attorney's Office stood ready to proceed expeditiously to trial on the charges, consonant with the policy of the Act. It was during the period of time between the scheduled commencement of trial and actual commencement of trial that the federal writ was issued upon Chester County officials. Had trial commenced before January 20, 1981, as scheduled, the charges underlying the detainer would have been disposed of and the intervening transfer to New York federal authorities would not have occurred. While we cannot conclude that appellant's own actions prompted his transfer, since this was caused by the federal writ, the delay of trial occasioned by appellant's dissatisfaction with first appointed counsel, his request to secure different counsel, his inability to do so, and the necessary granting of a continuance, did make possible the fortuity of the intervening transfer. *Compare People v. Dye*, 69 Ill.2d 298, 13 Ill.Dec. 695, 371 N.E.2d 630 (1977); *Neville v. Friedman*, 67 Ill.2d 488, 10 Ill.Dec. 575, 367 N.E.2d 1341 (1977); *State v. Allen*, 269 S.C. 233, 237 S.E.2d 64 (1977).

Appellant benefited from the delays of trial. It would be error to reward him further with dismissal of the charges where state officials had little choice but to release him to federal authorities during the period occasioned by the delays. So viewed, appellant's brief and single removal from Pennsylvania custody for purposes of testifying and his prompt return for trial, violated no purpose of the Act. Appellant's rehabilitation and treatment at the FCI at Ashland was obstructed by his transfer to New York federal authorities no more than if he had not been transferred. As it happened, appellant was returned approximately one week later to the Chester County prison and was tried on the Bucks County charges within 120 days of his initial arrival in Pennsylvania. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.