509 A.2d 868

**COMMONWEALTH of Pennsylvania**

v.

**Michael Harry LLOYD, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed March 21, 1986.

Reargument Denied June 3, 1986.

242

Michael J. Connolly, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Com., appellee.

Before CIRILLO, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence which was imposed upon appellant, Michael Lloyd, after he was convicted by a jury of theft by unlawful taking or disposition. 18 Pa.C.S.A. 3921(a).[1] We affirm.

Appellant raises a number of issues in this direct appeal. They are (1) whether the verdict was contrary to the law, contrary to the evidence, and contrary to the weight of the evidence; (2) whether the evidence was insufficient to support a verdict of guilty beyond a reasonable doubt; (3) whether the trial court erred in (a) finding that the appellant had waived permanently his rights under Pa.R.Crim.P. 1100; (b) in finding that the prosecution had exercised due diligence in attempting to bring the case to retrial after a new trial had been granted; (c) in permitting testimony of a police officer despite the fact that the officer's testimony

---

1. The court granted a demurrer on the burglary and criminal trespass charges.

was stricken later; (d) in permitting the prosecution to introduce evidence as to the value of the stolen items after the prosecution had rested its case; and (e) in imposing a harsh sentence which failed to give appellant credit for time served. Appellant also contends that trial counsel was ineffective for (a) failing to file a pretrial motion to suppress evidence; (b) for failing to present testimony regarding a violation of the Interstate Agreement on Detainers and for failing to preserve this issue; (c) for failing to object to appellant's appearance in court because appellant was wearing prison garb; and (d) for failing to present certain defense witnesses. For the following reasons, we must reject appellant's contentions.

Viewing the evidence in a light most favorable to the verdict winner, the prosecution, the record establishes these facts:

On October 5, 1979, the victim, Dean Hartman, left the barn area of his family's dairy farm in Bern Township, Berks County, at approximately 8:00 p.m. Dean Hartman returned to the farm at 12:00 midnight to conduct a routine check. At 6:00 a.m., the next morning, Hartman discovered that a portion of the fence at the north end of the barn was down. Upon closer examination of the area where the fence had been damaged, Hartman noticed tire tracks which led to the north end of the barn where the missing dairy cows had been kept. The tire marks ended within several feet of a piece of concrete which had been chipped from the base of the barn entrance.

On this same morning, at approximately 6:00 a.m., the appellant was observed by a police officer entering the driveway of his farm on Casino Drive in Hallow Township, New Jersey. During this time, appellant was driving a 1979 maroon and silver pick-up truck and trailer which was manufactured by General Motors Corporation. Four black and white Holstein dairy cows were seen through the slats of the trailer.

Upon exiting the truck, appellant was arrested by a New Jersey state trooper on unrelated charges. When the troop-

er questioned appellant regarding ownership of the cows, appellant stated that he had ownership papers for the cows inside the truck. Appellant explained that the cows were being moved from one of his pastures. Appellant then was taken into custody. In the meantime, a detective from the New Jersey State Police Department, searched the front seat and the glove compartment of appellant's truck and found no evidence that the cows belonged to appellant. The police drove the truck and trailer to the Colt's Neck Station and later that day the cows were removed from appellant's trailer and taken to Rutgers' University beef farm.

On October 9, 1979, Hartman produced the certificates of registration for the cows which had been missing since October 6, 1979.

With respect to appellant's sufficiency claim, we must remember the following guidelines:

In order to convict appellant of theft by unlawful taking or disposition, the prosecution must prove beyond a reasonable doubt that he unlawfully took, or exercised unlawful control over, movable property of another with intent to deprive the owner thereof. 18 Pa.C.S.A. § 3921.

Additionally, we have said that:

Evidence of possession of stolen property may be relevant in deciding whether the possessor is the one who stole it. However, evidence of possession alone is not sufficient to prove theft beyond a reasonable doubt. *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974). All of the evidence of surrounding circumstances must be considered, and although a conviction may be based on circumstantial evidence alone, it must meet the standard of proof beyond a reasonable doubt. *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975).

*Commonwealth v. Bailey*, 250 Pa.Super. 402, 407, 378 A.2d 998, 1001 (1977).

We also have said that the following factors will be applied when examining whether the finder of fact can infer

guilt from the unexplained possession of recently stolen goods:

the lapse of time between the crime and the discovery of the property; the type and kind of property; the amount and volume of the property; and the ease in which it may be assimilated into trade channels.

*Commonwealth v. Dale*, 232 Pa.Super. 213, 221, 335 A.2d 454, 458 (1975), petition for allowance for appeal denied May 5, 1975.

In this case, appellant contends that the evidence of guilt is insufficient because of the following:

[all] that is established is the Defendant's possession of the allegedly stolen property in a neighboring state with a truck and a trailer along with some circumstantial evidence that the cows left the Hartman farm in a truck and trailer. No exact time frame was ever established for the actual theft nor was any identification made regarding any truck or trailer, and therefore it is impossible to say the Defendant's possession was even close in the context of time to the disappearance of the cattle from the Hartman farm.

Brief for Appellant at 15.

■ Our review of the record reveals that appellant's contentions must be rejected. To begin with, appellant possessed four unique items of movable stolen property (i.e., four black and white Holstein dairy cows) when appellant was stopped by the police. Because these were pedigreed animals, they were marked distinctly on the ears and around the neck with registration numbers. Also, documents were issued to the owner/s in order to verify their unique value.

Although the record fails to contain evidence of the exact time of the theft, the record does establish that the theft must have occurred between 8:00 p.m., on October 5, 1979, and 6:00 a.m. on October 6, 1979. These were the times when the owner had conducted his routine check of the

cows. The owner also stated that "things appeared normal" during his midnight check although he did not take a head count. Trial Testimony at 45.

Due to the very limited use for which the dairy cows could be used and because of their cumbersome nature, we have no difficulty in concluding that appellant's possession of these items in the neighboring state of New Jersey was recent. *See Commonwealth v. Plath*, 267 Pa.Super. 1, 4, 405 A.2d 1273, 1275 (1979) (possession of stolen automobile by defendant was recent six or seven hours after the theft had occurred as this was an insufficient time period "for the automobile to have been assimilated into the ordinary market channels for automobiles."); *Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d 708 (1978) (possession of stolen motor vehicle was considered recent one week after the theft).

The evidence also establishes that appellant gave an unsatisfactory explanation for his possession of the cows. Upon being questioned by the police, appellant stated that the cows belonged to him although appellant was unable to produce any documentation of his ownership.

Under these circumstances, appellant's conduct at the time of his arrest " 'is totally inconsistent with innocent behavior and merely adds weight to the [factfinder's] conclusion that appellant knew the vehicle was stolen.' " *Commonwealth v. Plath*, 267 Pa.Super. at 4, 405 A.2d at 1274 (quoting *Commonwealth v. Murray*, 246 Pa.Super. 422, 428–30, 371 A.2d 910, 913 (1978)). We also note that the record establishes that a truck was used in order to transport the stolen items. Accordingly, this web of evidence was sufficient to establish beyond a reasonable doubt that a theft had occurred and that appellant had committed this theft.

For the most part, the trial court's opinion sufficiently disposes of the other issues. We need only comment on three issues which appellant has raised.

■ Appellant contends that trial counsel was ineffective for failing to present certain defense witnesses. An evidentiary hearing was held on counsel's ineffectiveness and trial counsel denied that appellant gave him the names of certain witnesses who could testify that they had sold appellant the cows.

■ With respect to the sentencing question, the trial court imposed a sentence of not less than three (3) nor more than seven (7) years which was to run consecutively to the sentence of ten (10) to twenty (20) years imposed in Bucks County. According to appellant, the trial court should have given him credit for the time which he had served in Berks County although appellant was serving a federal sentence while he was on loan to the authorities in Pennsylvania. The other prior adult convictions were as follows:

(a) a sentence of three (3) to five (5) years imprisonment in New Jersey for possessing stolen property, receiving stolen property and uttering a forged license (1972);

(b) five (5) years imprisonment for interstate transportation of a motor vehicle and criminal conspiracy (1970);

(c) one (1) year imprisonment in the federal penitentiary for possessing interstate cattle and the sale of interstate cattle (1979);

(d) five (5) years imprisonment for a federal probation violation;

(e) three and one-half (3½) to seven (7) years imprisonment for escape (1980); and

(f) ten (10) to twenty (20) years imprisonment for armed bank robbery and escape (1981).

Because of appellant's lengthy record and because appellant was serving a federal sentence and a state sentence while awaiting trial in Berks County, appellant was not entitled to credit for time served. *See* 19 P.S. § 898 (defendant entitled to credit for days spent in custody "on this offense".) Also, we are unable to conclude that the trial court abused its discretion in imposing a sentence of not less than three

(3) nor more than seven (7) years in prison in view of appellant's lengthy record.

■ We also must reject appellant's claim that the charges against appellant should be dismissed pursuant to Article IV of the Interstate Agreement on Detainers Act. Act of July 9, 1976, P.L. 586, No. 142 § 2 (1978), 42 Pa.C.S.A. § 9101 et seq. According to appellant, the charges should be dismissed because appellant was returned to federal custody before a retrial. The record shows that appellant was granted a new trial because appellant had not waived his right to representation by counsel in a voluntary and intelligent manner.

When prosecuting authorities in a jurisdiction in which charges are pending against a prisoner obtain temporary custody of the prisoner as the result of lodging a detainer and making a request, Article IV(e) requires a dismissal of the charges if the prisoner is returned to the original place of imprisonment without being tried.[2] *Id.* In this case, appellant had been tried once; however, after appellant had been transferred back to the federal authorities pursuant to a writ of habeas corpus, appellant received a new trial.

Because appellant was commanded to appear in federal court, the "state officials are powerless to refuse to comply with the writ." *Commonwealth v. Lloyd,* 341 Pa.Super. 107, 114, 491 A.2d 173, 176 (1985). Accordingly, we also must reject appellant's second attempt to secure relief under this Act. *Id.*

Judgment of sentence is affirmed.

MONTEMURO, J., concurs in the result.

**2.** The pertinent statute provides:
  (e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(c) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.
42 Pa.C.S.A. § 9101, Article IV(e).