601 A.2d 842

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence T. THORNHILL a/k/a Lawrence Thornhill, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1991.

Filed Jan. 10, 1992.

Robert A. Crisanti, Pittsburgh, for appellant.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before POPOVICH, JOHNSON and FORD ELLIOTT, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the judgment of sentence entered October 5, 1990, in the Court of Common Pleas, Allegheny County. Appellant was charged initially with criminal attempt to commit burglary, burglary, and receiving stolen property.[1] This first set of charges arose from incidents which occurred on or about March 15, 1988, at two residences in Penn Hills. Prior to the trial date, however, the Commonwealth *nolle prossed* appellant's charges for bur-

1. 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 3502; 18 Pa.C.S. § 3925.

glary and receiving stolen property. Thereafter, a second information was filed against appellant charging him with burglary and receiving stolen property, in connection with an incident which had transpired on February 9, 1988.

Appellant waived his preliminary hearing on the first set of charges, and failed to appear on September 7, 1988, for the preliminary hearing on the second set of charges. As a result, the Commonwealth proceeded under Pa.R.Crim.P. 231 and held the hearing in appellant's absence. The charges against appellant were held for court. Subsequently, Judge Dauer issued an arrest warrant for appellant on October 27, 1988.

On August 8, 1990, appellant filed a motion to dismiss the charges against him, raising the issue presented herein involving the Interstate Agreement on Detainers Act, 42 Pa.C.S. § 9101 *et seq.* The motion was denied on August 30, 1990, at the conclusion of a hearing before the Honorable Raymond A. Novak. Appellant chose to proceed immediately to a bench trial on stipulated facts, and Judge Novak found him guilty of burglary and attempted burglary. Timely post-verdict motions for arrest of judgment were filed and denied, following argument. On October 5, 1990, consecutive sentences of two to ten years on the burglary conviction, and ten months to five years on the criminal attempt to commit burglary conviction were imposed on appellant. A motion to modify sentence was filed on October 15, 1990, but was not addressed. This timely appeal followed.

On appeal, appellant questions whether the Commonwealth violated his rights under Article III of the Interstate Agreement on Detainers Act by failing to bring him to trial within one hundred and eighty days of his request for extradition from Delaware.[2] Because our review of the procedural history of this case reveals that the Common-

2. We note that appellant raises a second issue concerning the sufficiency of the evidence supporting his underlying conviction. Our resolution of appellant's first claim renders a discussion of his second claim moot.

wealth did violate the clear mandates of the Act and, consequently, appellant's rights insured thereby, we vacate appellant's judgment of sentence and dismiss the charges against him.

Our disposition of appellant's case centers on the following pertinent portion of Article III of the Act, which provides:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

42 Pa.C.S. § 9101, Article III(a). Following the guidelines set forth in this portion of the Act, appellant notified the District Attorney's Office by formal written request on November 21, 1989, of his desire to be transported back to Pennsylvania from Delaware for final disposition of the charges pending against him in the Commonwealth. The Act plainly states that appellant should be brought to trial within one hundred and eighty days after the district attor-

ney's receipt of his request. *Casper v. Ryan*, 822 F.2d 1283 (3rd Cir. (Pa.) 1987) cert. denied, 484 U.S. 1012, 108 S.Ct. 714, 98 L.Ed.2d 664 (1988). Applying that time period to the instant case, it is clear that appellant's trial was scheduled for and subsequently occurred on August 13, 1990, a date well beyond the 180 days allowed by the statute. Trial in the instant case took place well beyond the statutory period.

█ Appellant contends that since the Act requires the Commonwealth to bring him to trial within one hundred and eighty days of his request for final disposition of the charges pending against him, then the delay suffered in this case entitles him to a dismissal of his charges. *Commonwealth v. Fisher*, 451 Pa. 102, 301 A.2d 605 (1973), and *Commonwealth v. Lloyd*, 341 Pa.Super. 107, 491 A.2d 173 (1985).

█ The Commonwealth responds that appellant was given the first available trial date and as appellant's counsel sat by silently while this trial date was set by the court, this silence acted as a waiver of any objection under the Act. While it may be true that appellant could not have received a trial date within the specified time even if an objection had been made, due to the crowded court calendar, we cannot find that the silence of appellant's counsel relieves the Commonwealth of its responsibility under the Act to request an appropriate continuance. To wit, we find controlling the pertinent language of Article III:

> . . . . .
>
> Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.
>
> . . . . .

42 Pa.C.S. § 9101, Article III(a). The clear implication of this language is that the court may grant any request for continuance by either party upon a record showing of good cause for a delay. To that end, we recognize that the

Commonwealth cites *Commonwealth v. Gonce,* 320 Pa.Super. 19, 466 A.2d 1039 (1983), for the proposition that a court may grant a continuance where the first available court date is beyond the run date. However, in *Gonce,* the Commonwealth filed a formal petition with the court stating the circumstances which required that the trial date be set beyond the time period mandated by the Act. There is no indication here, and the Commonwealth does not state otherwise, that the trial court granted a continuance upon a record showing that trial could not take place within the run date.

In *Commonwealth v. Fisher, supra,* the Commonwealth filed a motion for continuance one hundred and eighty-one days past the run date, claiming that the defendant could not be brought to trial within the specified time period due to court calendar reasons. Our Supreme Court held that although the Commonwealth had good cause to request a continuance, the statutory time frame created by Detainers Agreement mandated that such request be made at or prior to the expiration of the one hundred and eighty-day period. Thus, the court found the Commonwealth's dilatoriness inexcusable, stating that:

> We agree with the New Jersey Superior Court that '[t]he Legislature adopted the dismissal sanction not because a prisoner would be prejudiced at trial if trial were delayed more than 180 days after demand, but because such a sanction for failure to try defendant within a fixed, reasonable period of time after demand was regarded as essential to produce general compliance with the statutory mandate. The sanction is a prophylactic measure to induce compliance in the generality of cases.' *State v. Lippolis,* 107 N.J.Super. 137, 145, 257 A.2d 705, 710 (1969).

*Commonwealth v. Fisher,* 451 Pa. at 106–107, 301 A.2d at 607.

Consequently, although we might agree that under the circumstances of this case, delaying appellant's trial beyond the run date was not unreasonable, what we do find unreasonable was the Commonwealth's failure to petition the

court for a continuance based on the circumstances of the unavoidable delay as was required by the Act. The Commonwealth's failure to follow this basic procedure was inexcusable where to do so would not have been a burdensome task and would have afforded this court with the necessary record to review appellant's claim. *Gonce, supra.*

Instantly, we have no record that the Commonwealth advised the trial court that the first available date was beyond the run date and, therefore, a continuance would be necessary. *In accord: Commonwealth v. Diggs,* 334 Pa.Super. 268, 482 A.2d 1329 (1984) (trial court acted reasonably in granting two continuances upon defense counsel's request in open court, when counsel needed additional time to prepare a defense); *Commonwealth v. Gregg,* 470 Pa. 323, 368 A.2d 651 (1977) (charges against appellant dismissed where case was brought to trial beyond one hundred and eighty-day time period, and record was devoid of any request in open court for a continuance by prosecution or appellant).

It is not defendant's duty to insure that he is being brought to trial within the specified time; that responsibility rests with the Commonwealth. See: *Commonwealth v. Hamm,* 325 Pa.Super. 401, 473 A.2d 128 (1984); *Commonwealth v. Manley,* 282 Pa.Super. 376, 383 n. 7, 422 A.2d 1340, 1343 n. 6 (1980); *Commonwealth v. Garrison,* 277 Pa.Super. 18, 25, 419 A.2d 638, 642 (1980); *Commonwealth v. Walter Brown,* 242 Pa.Super. 397, 401, 364 A.2d 330, 332 (1976); *Commonwealth v. Hagans,* 242 Pa.Super. 393, 396–397, 364 A.2d 328, 330 (1976), *aff'd,* 482 Pa. 572, 574, 394 A.2d 470 (1978).

To the extent that both appellant and the Commonwealth cite this court to cases concerning Rule 1100, we emphasize that this case is governed solely by the Act. It is to be remembered that Rule 1100 is a procedural rule implemented by our Supreme Court, the interpretation of which is subject to judicial creation. However, here we are dealing with a legislatively enacted statute, the interpretation of

which is governed by legislative intent and purpose. Consequently, we recognize the legislative purpose underlying this statute and articulated as follows.

'The policy of the Interstate Agreement on Detainers is "to encourage the expeditious and orderly disposition" of charges and its purpose "is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers." *Commonwealth v. Fisher,* 451 Pa. 102, 106, 301 A.2d 605, 607 (1973).' *Commonwealth v. Wilson,* 231 Pa.Super. 451, 454, 331 A.2d 792, 794 (1974) (footnote omitted); *see also Commonwealth v. Merlo,* 242 Pa.Super. 517, 521, 364 A.2d 391, 394 (1976). Because the legislation is remedial in character, it is to be liberally construed in favor of the prisoner so as to effectuate its purpose. *Commonwealth v. Merlo, supra,* 242 Pa.Superior Ct. at 522, 364 A.2d at 394.

*Commonwealth v. Lloyd,* 341 Pa.Superior Ct. at 112, 491 A.2d at 175. Given the facts of the instant case and the decided purpose of the Act, we are constrained to adjudge any violation of the procedural requirements of the Act in favor of appellant. The Commonwealth's disregard for the procedure set forth in the statute controls our conclusion that appellant was entitled to a dismissal of the charges against him.

Judgment of sentence vacated and the charges against appellant are dismissed.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

I vehemently dissent from the opinion of the majority. The record amply demonstrates that appellant's trial was set for the earliest possible court date available and that appellant and his counsel sat idly by while his trial date was set. In essence, appellant agreed to be tried after the 180 day Interstate Agreement on Detainers Act period expired. See 42 Pa.C.S.A. § 9101, Article III(a). Thus, I believe he has waived the present objection.

I also believe the majority's determination that the Commonwealth is at fault for failing to request a "continuance" is erroneous. I find it ludicrous to place such importance on the magic word of "continuance" when, in fact, all the evidence necessary for proper granting of a continuance was before the court at the time it originally scheduled appellant's trial. Appellant's trial date was scheduled past the 180 day run-date based on "good cause", i.e., the earliest trial date available fell after the run-date. The trial court, in setting the date, considered that same evidence it would have if a "continuance" had been requested. Even the majority seems to agree that under the circumstances of this case, delaying appellant's trial beyond that run-date was not unreasonable. Majority opinion, p. 387. I can find nothing in the Act which requires the Commonwealth to ask for the "continuance" and precludes the court from acting *sua sponte* to grant any "necessary or reasonable continuance" for "good cause shown". 42 Pa.C.S.A. § 9101, Article III(a). Instantly, the court picked the first available date for trial and, by implication, granted the necessary continuance until that date. *Cf., Commonwealth v. Gonce,* 320 Pa.Super. 19, 466 A.2d 1039 (1983) (court may grant continuance when first available court date is beyond run-date).

In sum, I do not believe appellant should be permitted to escape prosecution merely because the word "continuance" was not used when he did, in fact, receive the benefit of the speedy trial protections embodied in the Interstate Agreement on Detainers Act. Accordingly, I would affirm the decision of the court below.