J-S38005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JASON J. BRAUN | : | No. 287 WDA 2021 |

Appeal from the Order Entered February 1, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000592-2020

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED: FEBRUARY 8, 2022**

The Commonwealth appeals from the trial court's February 1, 2021 order granting Appellee's, Jason J. Braun, motion to dismiss the charges against him based on the Commonwealth's violating the Interstate Agreement on Detainers ("IAD"), 42 Pa.C.S. §§ 9101-9108.  The Commonwealth argues that the court erred by dismissing the charges against Appellee because he waived his rights under the IAD by calling his case for trial.  After careful review, we affirm.

The trial court summarized the pertinent facts and procedural history of Appellee's case, as follows:

On September 17, 2018, Pennsylvania State Trooper [Michael] Doriguzzi filed the charges of Robbery, Theft by Unlawful Taking, Receiving Stolen Property, Terroristic Threats, Simple Assault, Recklessly Endangering Another Person, and Harassment.  The

---

[*] Retired Senior Judge assigned to the Superior Court.

charges resulted from an incident that occurred on September 15, 2018, when … Appellee entered the Foodland Grocery Store located at 1176 National Pike, South Union Township, Fayette County, stole money from the office[,] and threatened a store employee with a gun. … Appellee learned of these pending charges while incarcerated at the North Central Regional Jail located in Greenwood, West Virginia. Appellee completed and signed a Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition form pursuant to the [IAD].

On February 11, 2019, the Certificate of Inmate Status was completed and signed by the North Central Regional Jail Superintendent Timothy L. Bowen. The documentation states that … Appellee was incarcerated for a period of one (1) to three (3) years[,] with one hundred and fifty-six (156) days served. The certificate document[ed] that a detainer from Fayette County was … file[d] for … Appellee.

Attached to the Request for Disposition was the Offer to Deliver Temporary Custody and … this documentation was sent to Richard Bower, [Esq.,] Fayette County District Attorney[,] with the documentation having been mailed and/or faxed on or about February 11, 2019.

Trooper Doriguzzi documented that he was notified by the Moundsville, West Virginia[,] Police Department on September 17, 2018, that … Appellee had been arrested and had [obtained] additional charges. On April 11, 2019, the [t]rooper further documented that … Appellee was incarcerated at the North Central Regional Jail. On November 21, 2019, the [t]rooper verified that Appellee was in Saint Mary's Correctional Center in St. Mary's, West Virginia.

\*\*\*

On March 25, 2020, … Appellee was back in Pennsylvania and bond was set but not posted by … Appellee. A preliminary hearing was held on April 22, 2020. On June 22, 2020[,] an *Omnibus* Pretrial Motion was filed and[,] after a hearing on the issues, it was denied on August 24, 2020.

On September 28, 2020, … Appellee rejected [a] plea offer and the case was listed by the District Attorney for trial. On January 28, 2021, the Motion to Dismiss was filed.

Trial Court Opinion, 5/7/21, at 1-2 (unnumbered).

On January 25, 2021, a Call of the List Proceeding was conducted before the trial court. There, the Commonwealth called Appellee's name and case number. *See* N.T. Call of the List Proceeding, 1/25/21, at 2. Appellee's counsel then stated, "Trial," thereby indicating that Appellee prepared to proceed with his trial. *Id.* However, on January 28, 2021, Appellee filed a motion to dismiss the charges against him, alleging that the Commonwealth had failed to bring him to trial within 180 days of his request for the disposition of his charges, as required by Article III of the IAD, discussed *infra*. After conducting a hearing on February 1, 2021, the trial court issued an order granting Appellee's motion and dismissing the charges pending against him.

The Commonwealth filed a timely notice of appeal, and it complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on May 7, 2021. Herein, the Commonwealth states one issue for our review: "Whether the trial court erred in granting … Appellee's [m]otion to [d]ismiss under the [IAD] when … Appellee waived his claim under the [IAD] by calling his case for trial?" Commonwealth's Brief at 1.[1]

Our Supreme Court has explained that "[t]he IAD is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, that establishes procedures

---

[1] The Commonwealth states in its brief that it is withdrawing a second issue set forth in its Rule 1925(b) statement. *See id.* at 1 n.1.

- 3 -

for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner." *Commonwealth v. Davis*, 786 A.2d 173, 175 (Pa. 2001) (citation omitted). Moreover,

> "[t]he policy of the [IAD] is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers. *Commonwealth v. Fisher*, … 301 A.2d 605, 607 ([Pa.] 1973)." *Commonwealth v. Wilson*, … 454, 331 A.2d 792, 794 ([Pa. Super.] 1974) (footnote omitted); *see also Commonwealth v. Merlo*, … 364 A.2d 391, 394 ([Pa. Super.] 1976). Because the legislation is remedial in character, it is to be liberally construed in favor of the prisoner so as to effectuate its purpose. … *Merlo, supra*[,] … at 394.

*Commonwealth v. Thornhill*, 601 A.2d 842, 845–46 (Pa. Super. 1992) (cleaned up).

> Pertinent to the present case, Article III of the IAD states the following:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, **he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.** The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time

- 4 -

remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

42 Pa.C.S. § 9101, Article III(a) (emphasis added).

Here, the Commonwealth acknowledges that "[o]n February 11, 2019, Appellee completed an Agreement on Detainers Form, stating he was incarcerated in the North Central Regional Jail for a parole violation and was requesting Fayette County take temporary custody of [him] pending the outcome of his robbery case." Commonwealth's Brief at 2. Appellee was brought to Pennsylvania on March 25, 2020. He filed his motion to dismiss the charges on January 28, 2021. Thus, 717 days lapsed between the Commonwealth's receiving Appellee's request for the disposition of his charges, and the filing of his motion to dismiss. Omitting the 180 days permitted by Article III, the Commonwealth violated that provision of the IAD by 537 days.[2]

Based on this violation, the trial court concluded that the charges against Appellee must be dismissed. It stressed in its opinion that,

> [t]he Commonwealth failed to request a continuance in order to extend the run-date of the [IAD's] 180 day … period[] in which the Commonwealth must try the case. … Appellee's case was not called for trial nor was any specific trial date set. … The delay that occurred in this case is the very type of delay which the IAD was enacted to prevent.

---

[2] We recognize that even omitting the 63 days spent litigating the *omnibus* pretrial motion filed by Appellee on June 22, 2020, and denied by the court on August 24, 2020, the Commonwealth still violated the 180-day requirement of Article III by 474 days.

- 5 -

TCO at 4 (unnumbered).

On appeal, the Commonwealth argues that the trial court erred by dismissing Appellee's charges because he "waived his rights under the IAD by agreeing to a trial date." Commonwealth's Brief at 7. More specifically, the Commonwealth explains:

On January 25, 2021, at the Call of the List, the [Commonwealth] called … Appellee's case for trial. In response, … Appellee also called the case for trial. The trial was to begin on February 1, 2021. Additionally, … Appellee called his case for trial on a previous occasion, at the November 30, 2020 Call of the List, which listed the case for trial to start on December 7, 2020.[2] Since … Appellee called his case for trial, and [it] was to begin on a specific date, on two occasions, … he waived his rights under the IAD.

   [2] Following the Call of the List on November 30, 2020, after the Appellee called his case for trial and listed it to start on December 7, 2020, the trial (as well as all other trials in Fayette County in December) was continued due to COVID-19.

The trial court asserted that no specific trial date was set. The trial court's reasoning is incorrect. Procedurally, Fayette County conducts its jury trials by having a criminal court week in the first full week of every month. Each defendant receives a notice of trial, [and] when his trial is to begin. At the Call of the List the week prior, the Commonwealth calls the cases it expects to call during the criminal court week. The defend[an]ts, at the Call of the List, assert whether they plan to take the case to trial, plea out the case, continue the case, or file any relevant motions to dismiss the case.

In this case, … Appellee was given a notice of trial for December 7, 2020[,] and February 1, 2020. He was aware that his trial was to being [*sic*] on those dates. To hold that there was no specific date set for Appellee's trial is incorrect. The case was called to being [*sic*] on February 1, 2021. To support this assertion, the Commonwealth was prepared to pick a jury on February 1, 2021. The trial court held the hearing on the motion to dismiss pursuant to the IAD prior to trial. Therefore, all parties anticipated to go to

trial on February 1, 2021. The trial court thus erred in granting … Appellee's motion to dismiss pursuant to the IAD.

Commonwealth's Brief at 7-8 (footnote omitted).

Notably, the Commonwealth cites no case law to support its waiver argument. There is also nothing in the record to support the Commonwealth's assertion that a specific trial date was set for February 1, 2021. There is no document indicating that Appellee was notified that this was the intended trial date, and nothing in the record of the February 1, 2021 hearing indicates that trial or jury selection was scheduled to begin that day.

Additionally, at the January 25, 2021 Call of the List Proceeding, defense counsel's indicating that Appellee was prepared to proceed to trial did not excuse the Commonwealth from its obligations under the IAD. In **Thornhill**, the case relied upon by Appellee, charges were filed against Thornhill and a preliminary hearing was held in his absence, as he failed to appear. **Thornhill**, 601 A.2d at 843. The charges were held for court and an arrest warrant for Thornhill was filed. **Id.** Nearly two years later, Thornhill filed a motion to dismiss the charges, arguing that the Commonwealth had violated the IAD. **Id.** The trial court disagreed and denied Thornhill's motion. **Id.** His case proceeded to trial, and he was convicted. **Id.** Thornhill appealed to this Court, challenging the court's denial of his motion to dismiss because the Commonwealth had failed to bring him to trial within 180 days as the IAD requires. **Id.** In response, the Commonwealth insisted that because Thornhill's "counsel sat by silently while [the] trial date was set by the court, this silence acted as a waiver of any objection under the Act." **Id.** at 844.

We rejected the Commonwealth's waiver argument in **Thornhill**. Initially, we stressed that the IAD allows for the Commonwealth to request a continuance, which it did not do in Thornhill's case. **Id.**; **see also** 42 Pa.C.S. § 9101, Article III(a) (stating, "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance"). Consequently, we declared that "we cannot find the silence of [Thornhill's] counsel relieve[d] the Commonwealth of its responsibility under the [IAD] to request an appropriate continuance." **Id.** Because the Commonwealth had disregarded the procedure set forth in the IAD for bringing Thornhill to trial within 180 days, or requesting a continuance of the proceedings, we held that Thornhill was "entitled to a dismissal of the charges against him." **Id.** at 846.

Here, similarly to **Thornhill**, Appellee's counsel did not object to the case proceeding to trial at the Call of the List Proceedings on January 25, 2021. Instead, counsel indicated that Appellee was prepared for his trial to commence, which is not surprising given that, as of the date of the Call of the List Proceeding, **over 700 days** had passed since the Commonwealth had received Appellee's request for the disposition of his charges, and **534 days** had passed since the 180-day requirement of the IAD had expired.[3] Given

---

[3] This fact distinguishes this case from **New York v. Hill**, 528 U.S. 110 (2000), which the trial court cites. There, Hill was in prison in Ohio when a detainer was lodged against him in New York. **Id.** at 112. He signed a request for disposition of the detainer pursuant to Article III of New York's IAD statute,

this record, the Commonwealth has failed to convince us that defense counsel's acknowledgement of Appellee's readiness to proceed to trial constituted a waiver of his rights under the IAD. As we stressed in **Thornhill**, "[i]t is not [a] defendant's duty to insure that he is being brought to trial within the specified time; that responsibility rests with the Commonwealth." **Id.** at 845 (citations omitted). Because the Commonwealth clearly violated the time-requirement of Article III of the IAD in this case, we affirm the trial court's order dismissing the charges against Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2022

---

and was returned to New York to face the charges. **Id.** After only 167 non-excludable days had passed, the prosecutor and defense counsel met in court to set a trial date. **Id.** at 113. Rather than demand that Hill's trial commence before the 180 days expired, defense counsel agreed to a specific trial date beyond the 180-day limit of the IAD. **Id.** Ultimately, the trial court held that "[d]efense counsel's explicit agreement to a trial date set beyond the 180-day statutory period constituted waiver or abandonment of [Hill's] rights under the IAD[,]" and the United States Supreme Court agreed. **Id.** Here, unlike in **Hill**, Appellee's Call of the List Proceeding was held 534 days **after** the 180-day IAD deadline had already passed. Thus, Appellee had no option to demand, at that proceeding, that his trial commence within the 180-day period. Consequently, we cannot conclude that Appellee waived his rights under the IAD by failing to do so.